IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHIRLEY CRAIG, <br> individually and on behalf of all other <br> persons similarly situated, | : <br> : <br> : CIVIL ACTION <br> : <br> : FILED ELECTRONICALLY |
| Plaintiff, <br> v. | : ON DECEMBER 29, 2008 <br> : <br> : JURY TRIAL DEMANDED |
| RITE AID CORPORATION, <br><br> Defendant. | : <br> : <br> : <br> : |

## COLLECTIVE ACTION COMPLAINT

Plaintiff SIRLEY CRAIG ("Plaintiff"), on her own behalf and on behalf of all others similarly situated, for her Collective Action Complaint against Defendant RITE AID CORPORATION ("Defendant"), alleges, upon information and belief, except for the allegations concerning Plaintiff's own actions, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action, on behalf of herself and other current and former assistant store managers of Defendant who elect to opt into this action pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), that Defendant has violated the FLSA by, *inter alia*, misclassifying Plaintiff and other assistant store managers as exempt from the FLSA's

requirement that workers receive overtime premium pay calculated at one and one-half-times their regular rate of pay for all hours worked over forty (40) during the workweek.

2.      As a result of Defendant's violation of the FLSA, Plaintiff and other assistant store managers are entitled to substantial damages, including, *inter alia*, unpaid wages, overtime premium pay, liquidated damages, pre-judgment interest, attorney's fees, and litigation costs and expenses.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-32.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201-02.

## THE PARTIES

6.      Plaintiff is an adult individual residing in Brownsville, Georgia. Since October 2007, Plaintiff has been employed by Defendant as an assistant store manager in its stores located in Douglasville, Georgia and Powder Springs, Georgia.

2

7.      Defendant is a Delaware corporation, with its principal place of business at 30 Hunter Lane, Camp Hill, Pennsylvania.  Defendant owns and operates approximately 5,000 retail drug stores nationwide.

## COLLECTIVE ACTION ALLEGATIONS

8.      Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute her FLSA claim as a collective action on behalf of all persons currently or formerly employed by Defendant as assistant store managers in the United States at any time from December 29, 2005 until the entry of judgment in this case (the "Collective Action Period").  These individuals are referred to herein as the "Collective Action Members."

9.      The Collective Action Members are so numerous that joinder of all members is impracticable.  Although the precise number of such persons presently is within the sole control of Defendant, there are at least 250 Collective Action Members, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, and/or knowledge of their FLSA rights.

10.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.  Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it difficult and

3

inefficient for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

11.    Plaintiff and the Collective Action Members are similarly situated to each other, making collective action treatment of their FLSA claim proper.  Many common facts and questions of law are shared by Plaintiff and the Collective Action Members.  For example, Defendant engages in the common business practices of paying Plaintiff and the Collective Action Members a salary and classifying all of them as exempt from the FLSA's requirement that employees receive overtime premium pay calculated at one and one-half-times their regular rate of pay for all hours worked in excess of forty (40) during the workweek.   In addition, this action will require the Court to resolve common questions of law, including, *inter alia*:

> a.  whether Defendant employed the Collective Action Members within the meaning of the FLSA;
>
> b.  whether Defendant's common business practice of classifying all assistant store managers as exempt from the FLSA's overtime pay requirement is legally justified;
>
> c.  what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.  whether Defendant failed to post or keep posted notices explaining the minimum wage and overtime pay rights provided by the FLSA;

e.  whether Defendant's violations of the FLSA were "willful" under the FLSA;

f.  whether Defendant is liable for all damages claimed hereunder, including but not limited to all statutory damages, such as, *inter alia*, backpay, unpaid overtime, compensatory and liquidated damages, interest, costs, disbursements, and attorney's fees; and

g.  whether Defendant should be enjoined from future FLSA violations.

12.  Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## STATEMENT OF FACTS

13.  Plaintiff's work as an assistant store manager was performed in the normal course of the Defendant's business and was integrated into the business of the Defendant.

14.  The work performed by Plaintiff requires little skill and no capital investment, and her primary duty does not include managing either her assigned

store or any department or subdivision thereof.  In addition, Plaintiff does not customarily or regularly direct the work of two or more other employees, does not have the authority to hire or fire other employees, and her suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees are not given particular weight.  As such, Plaintiff is not exempt from the overtime pay mandates of the FLSA.

15.    Plaintiff often works in excess of forty (40) hours a week, yet, in clear violation of the FLSA, Defendant willfully fails to pay Plaintiff any compensation for such hours.

16.    Throughout the Collective Action Period, Defendant has employed the Collective Action Members, who, like Plaintiff, serve as assistant store managers.  The Collective Action Members, like Plaintiff, perform work that requires little skill and no capital investment, and their primary duties do not include managing either an assigned store or any department or subdivision thereof.  In addition, the Collective Action Members, like Plaintiff, do not customarily and regularly direct the work of two or more other employees, do not have the authority to hire or fire other employees, and their suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees are not given particular weight.  As such, the

Collective Action Members, like Plaintiff, are not exempt from the overtime pay mandates of the FLSA.

17.     The Collective Action Members often work in excess of forty (40) hours a week, yet, in clear violation of the FLSA, Defendant willfully fails to pay them any compensation for such hours.

18.     Throughout the Collective Action Period, Defendant, upon information and belief, has failed to maintain accurate and sufficient time records reflecting the hours worked by Plaintiff and other Collective Action Members.

19.     Throughout the Collective Action Period, Defendant, upon information and belief, has failed to post or keep posted notices explaining the minimum wage and overtime pay rights provided by the FLSA.

## LEGAL CLAIMS

### COUNT I
**(Asserting Violations of the FLSA)**

20.     Plaintiff, on behalf of herself and all Collective Action Members, realleges and incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

21.     At all relevant times, Defendant has been an employer engaged in interstate commerce and/or the production of goods for commerce

22.     At all relevant times, Defendant has employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

23.     At all relevant times, Defendant has had annual gross revenues in excess of $500,000.

24.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

25.     By refusing to pay any compensation to Plaintiff and the Collective Action Members for hours worked in excess of forty (40) hours during the workweek, Defendant, in disregard of clearly established FLSA provisions, has willfully violated the FLSA's requirement that covered employees be compensated at a rate of not less than one and one-half-times their regular rate of pay for work performed in excess of forty (40) hours during a workweek.  See 29 U.S.C. §§ 207(a)(1) and 215(a).

26.     By failing to maintain accurate and sufficient time records reflecting the hours worked by Plaintiff and other Collective Action Members, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of clearly established FLSA provisions, including, *inter alia*, 29 U.S.C. §§ 211(c) and 215(a).

8

27.    By failing to post or keep posted notices explaining the minimum wage and overtime pay rights provided by the FLSA, Defendant has violated clearly established FLSA provisions, including, *inter alia*, 29 C.F.R. § 516.4.

28.    The foregoing conduct, as alleged above, constitute willful violations of the FLSA within the meaning of, *inter alia*, 29 U.S.C. § 255(a).

29.    Due to Defendant's FLSA violations, Plaintiff and other Collective Action Members are entitled to recover from Defendant, *inter alia*, all unpaid wages, including overtime premium compensation, an additional equal amount in liquidated damages, pre-judgment interest, reasonable attorney's fees, and costs and disbursements.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff on behalf of herself and all Collective Action Members, respectfully requests that this Court grant the following relief:

a.    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice, pursuant to 29 U.S.C. §216(b), to all Collective Action Members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. §216(b), and appointing Plaintiff and her counsel to represent the Collective Action Members;

9

b.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c.    An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

d.    An award of unpaid wages, including overtime compensation, due under the FLSA;

e.    An award of liquidated damages as a result of the Defendant's willful violations of the FLSA;

f.    An award of all incidental and consequential damages resulting from Defendant's violation of 29 U.S.C. § 215(a);

g.    An award of pre-judgment and post-judgment interest;

h.    An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

i.    Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

demands a trial by jury on all questions of fact and law raised by this Complaint.


Dated:  December 29, 2008                    Respectfully,


                                             /s/ Peter Winebrake
                                             Peter Winebrake
                                             R. Andrew Santillo
                                             THE WINEBRAKE LAW FIRM, LLC
                                             Twining Office Center, Suite 114
                                             715 Twining Road
                                             Dresher, PA 19025
                                             Telephone: (215) 884-2491

                                             Jeffrey A. Klafter*
                                             Seth R. Lesser*
                                             Fran L. Rudich*
                                             KLAFTER OLSEN & lesser LLP
                                             1311 Mamaroneck Avenue, Suite 220
                                             White Plains, New York 10605
                                             Telephone: (914) 997-5656

                                             Bradley Berger*
                                             Berger & Associates
                                             321 Broadway
                                             New York, New York 10007
                                             Telephone:   (212) 571-1900

                                             **ATTORNEYS FOR PLAINTIFF**

* To be admitted *pro hac vice*