IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHIRLEY CRAIG, et. al, | : | 08-cv-2317 |
| | : | |
| Plaintiffs, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| RITE AID CORPORATION and | : | |
| ECKERD CORPORATION d/b/a | : | |
| RITE AID CORPORATION, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

December 9, 2009

I.  INTRODUCTION

Before the Court in this action to recover overtime compensation is Plaintiff Shirley Craig's ("Plaintiff") Motion to Certify a Class Conditionally ("the Motion") under the Fair Labor Standards Act, 29 U.S.C. § 216(b), filed on March 27, 2009.[1] (Doc. 22). Plaintiff filed a Collective Action Complaint (Doc. 1) on December 29, 2008 and an Amended Collective Action Complaint ("the Complaint") (Doc. 31) on May 5, 2009, against her former employer, Rite Aid

---

[1] Since the filing of the Complaint, twenty-two persons have filed a consent to become a Party Plaintiff pursuant to § 216(b). For the purposes of brevity, the Court will refer only to the original Plaintiff throughout this Memorandum, but is cognizant of the interests of the newly-added Plaintiffs.

1

Corporation, ("Rite Aid") and Eckerd Corporation ("Eckerd") (collectively, "Defendants").[2] Plaintiff asserts claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219 ("FLSA"); specifically alleging that Defendants misclassified Plaintiff as an "exempt" employee and failed to pay her overtime wages for hours worked in excess of forty (40) in a week in violation of 29 U.S.C. § 207. Plaintiff seeks to conditionally certify a class of similarly-situated employees pursuant to 29 U.S.C. § 216(b), namely, any individual who was employed by Defendants as an assistant manager at any point within three (3) years of the date of this Court's order.

## II. BACKGROUND

Plaintiff, a resident of Georgia, asserts that she was employed by Defendants as an assistant store manager from approximately October 8, 2007 until approximately June 20, 2009 at stores located in Georgia. (Doc. 31 ¶ 6; Doc. 50-2, "Affidavit of Shirley Craig" ¶ 1). Rite Aid is a Delaware corporation, with its principle place of business located in Camp Hill, Pennsylvania, and Eckerd, a subsidiary of Rite Aid, is now Rite Aid. (Doc. 39 ¶¶ 7-8). Plaintiff alleges in the Complaint that Defendants violated 29 U.S.C. §§ 207(a)(1) and 215(2) of the

---

[2]Because the Amended Complaint (Doc. 31) is controlling, any reference to the Complaint shall refer to the Amended Complaint unless otherwise noted.

FLSA by misclassifying Plaintiff as an exempt, salaried employee and failing to compensate her at a rate of one and one-half times her regular rate of pay for hours worked in excess of forty during a workweek. (Doc. 31 ¶ 27). Plaintiff has consistently maintained that Defendant has also engaged in the same conduct with respect to the collective class of assistant managers that she seeks to represent.

Plaintiff filed the instant Motion for Conditional Certification of a Collective Class pursuant to 29 U.S.C. § 216(b) and a brief in support thereof on March 27, 2009. (Doc. 22). Defendants filed a brief in opposition on June 22, 2009. (Doc. 43). Plaintiff filed a reply to the brief in opposition on July 24, 2009 (Doc. 50), and, with leave, Defendants filed a sur reply on August 5, 2009 (Doc. 56). Accordingly, the Motion is ripe for disposition.

The action is currently set for the May 2010 trial term. (Doc. 25). Accordingly, discovery was ordered to be completed by January 15, 2010. (Doc. 25). Plaintiff filed a Motion for Transfer to Multi-District Litigation in August of 2009 to consolidate wage and hour cases currently pending against the Defendants and this Court granted a stay of discovery pending the resolution of said Motion. (Doc. 60). The Motion to Transfer was denied on December 2, 2009. (*See* Doc. 70-2, MDL 2105).

## III. DISCUSSION

The FLSA permits employees to maintain a representative action "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b) (2008). A plaintiff must satisfy two requirements to proceed on behalf of a collective class under § 216(b): "(1) all of the plaintiffs must be 'similarly situated,' and (2) all of the plaintiffs must opt-in to the lawsuit by filing a written consent with the court." *Stainslaw v. Erie Indemnity Co.*, 2009 WL 426641, *1 (W.D. Pa. Feb. 20, 2009) (citing *Sperling v. Hoffman-LaRoche, Inc.*, 862 F.2d 439 (3d Cir. 1988)). A collective action under the FLSA, therefore, differs from a class action maintained under Rule 23 of the Federal Rules of Civil Procedure in that potential employee-plaintiffs must elect to "opt in" to the former action, while potential class plaintiffs must "opt out" of the latter. 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *see also Sperling*, 862 F.2d at 444.

"Although the FLSA does not define 'similarly situated,' the phrase contemplates individuals 'employed under the same terms and conditions.'" *Woodard v. FedEx Freight East, Inc.*, 2008 U.S. Dist. LEXIS 11919, 250 F.R.D. 178, 190-91 (M.D. Pa. Feb. 19, 2008) (citing 2 Les A. Schneider & J. Larry Stine,

4

*Wage and Hour Law: Compliance and Practice* § 20.19.50). To determine whether a plaintiff is sufficiently "similarly situated" to the alleged group and, consequently, whether the action is maintainable as a collective class action under § 216(b), district courts employ a two-step process. First, the court must decide whether a class should be certified conditionally in order to give notice to the potential class members and to allow for pretrial discovery regarding the individual claims. *See Woodard*, 250 F.R.D. at 191. After the class has been conditionally certified, notice and opportunity to opt in has been given to the potential plaintiffs, and discovery has been conducted, the court may then "be asked to reconsider the conditional class certification to determine whether the 'similarly situated' standard has been met.'" *Stainslaw*, 2009 WL 426641 at *1. Final certification requires a higher level of proof than initial conditional certification. *See Harris v. Healthcare Services Group, Inc.*, 2007 U.S. Dist. LEXIS 55221 (E.D. Pa. July 31, 2007). If the final class fails meet the requirement of substantial similarity found in § 216(b), then the class is be decertified and the opt-in plaintiffs are dismissed from the action without prejudice. *Chabrier v. Wilmington Fin., Inc.*, 2006 U.S. Dist. LEXIS 90756, **6-7 (E.D. Pa. Dec. 13, 2006).

The present Motion is limited to the first step in the process; specifically,

Plaintiff is requesting that the Court conditionally certify a collective class of assistant mangers currently or formerly employed by Defendants to allow for discovery pertinent to the collective class allegations and to allow those employees the opportunity to opt in. When petitioning the court to conditionally certify a collective action under the FLSA, a plaintiff's burden to demonstrate that the named class is similarly situated is "relatively light," *Stainslaw*, 2009 WL 426641 at *1, and "the initial determination usually results in conditional certification." *Woodard*, 250 F.R.D. at 191 (requiring a "modest factual showing" and allowing conditional certification). The burden in this preliminary certification is light because the risk of error is insignificant: should further discovery reveal that the named positions, or corresponding claims, are not substantially similar the defendants will challenge the certification and the court will have the opportunity to deny final certification.

Plaintiff maintains that conditional certification of the collective class of assistant managers employed by Rite Aid, or by Eckerd doing business as Rite Aid, is appropriate for numerous reasons. Plaintiff consistently highlights that, at this first stage of the certification process, her burden to demonstrate that the proposed class of workers is sufficiently similarly situated is "extremely lenient." (*See* Doc. 22-2). Plaintiff supports her assertion that all assistant managers are

similarly situated by affidavits from fellow assistant managers and by exhibits from Rite Aid's job postings, highlighting that the position descriptions are substantially, if not entirely, the same across the country. (*See* Docs. 22, 50). Furthermore, Plaintiff asserts that the class she proposes is "bound together by certain common facts," such as each members' place of employment, that each member regularly worked in excess of forty hours in a week, that Defendants did not pay each employee overtime compensation for those hours worked in excess of forty, and that each member primarily performed non-managerial duties such that their exempt status was therefore inappropriate. (Doc. 22-2 pp. 12-13). Because these potential opt-in Plaintiffs were subject to the same companywide policy, classifying them as exempt and not paying overtime wages for hours worked in excess of forty in a week, Plaintiff asserts that conditional class-certification is warranted. (*Id.* at 13).

Defendants assert that the members of the class Plaintiff seeks to certify are not sufficiently similarly situated to warrant even conditional certification. (*See* Docs. 43, 56). Defendants claim that Plaintiff has failed to establish "any factual basis of a uniform 'unlawful' policy" rendering the putative class similarly situated. (Doc. 43 p. 16). Defendants assert that not all assistant store managers were classified as exempt, and the policy was therefore not uniform. (*Id.* at 18).

Defendants claim that even the exempt assistant managers had differing duties and responsibilities based on factors such as location, and therefore are not sufficiently "substantially similar" for the purposes of collective class certification under § 216(b). (*Id.* 7-12). Furthermore, Defendants maintain that the classification was lawful, and therefore Plaintiff may not prosecute the action on behalf of a class for violation of the FLSA.

The Court agrees that a collective class of assistant managers, alleged to be misclassified as exempt, is appropriate for conditional certification under § 216(b). We are cognizant of Defendants' protests, and expect to see a reiteration of their arguments after the close of discovery and commencement of the time the putative class has to opt in to the action. Nonetheless, Defendants' arguments in opposition fail because they are essentially calling for a highly specific, factual inquiry that is inapposite at this stage of the certification. As noted, a plaintiff's burden in requesting conditional certification is relatively light, and much more easily satisfied than the burden at final class certification. At this point, Plaintiff "need only provide some 'modest' evidence beyond pure speculation that Defendan[ts'] alleged policy affected other employees." *Smith v. Sovereign Bancorp*, 2003 U.S. Dist. LEXIS 21010 (E.D. Pa. November 13, 2003). Defendants' arguments too often invite the Court to delve into the merits of

Plaintiff's claims. Such analysis is improper at this stage of the proceedings, and can be revisited at the second stage of certification.

That being said, Plaintiff has failed to meet that light burden with respect to the class of *all* assistant managers employed by the Defendants in previous three years. We are of the opinion that Plaintiff more appropriately framed the collective class in her Reply:

> All individuals classified as exempt from the FLSA's overtime pay provisions and employed as salaried Assistant Store Managers during any workweek within the previous three years in any of the 4,901 stores identified in Rite Aid Corporation's April 17, 2009 Annual Report as being operated by Rite Aid Corporation.

(Doc. 50, p. 22, N. 8). Contrary to Defendants' assertions, Plaintiff's allegations of substantial similarity between herself and the proposed class are not "unsupported;" we accept the affidavits Plaintiff has submitted in support of the Motion as sufficient evidence that she is similarly situated to those current or former employees and that there are potentially more class members with the same claims. We will therefore grant Plaintiff's Motion (Doc. 22) with respect to the above-named collective class, and will allow notice and opportunity to opt in to the putative class members.

## V. CONCLUSION

The Court will grant Plaintiff's Motion and will conditionally certify a class

of persons who were employed by Rite Aid in any of the 4,901 stores as assistant managers within the previous three years and were classified as exempt, salaried employees. Because discovery is set to close in approximately one month, we recognize that there is a strong likelihood that the parties will be unable to both effectuate notice and complete discovery. Therefore, we will vacate all currently deadlines and will welcome from the parties a stipulation proposing new deadlines.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Conditional Certification is **GRANTED**, and the Court will allow notice to and opportunity to opt-in to the following collective class:

    All individuals classified as exempt from the FLSA's overtime pay provisions and employed as salaried Assistant Store Managers during any workweek within the previous three years in any of the 4,901 stores identified in Rite Aid Corporation's April 17, 2009 Annual Report as being operated by Rite Aid Corporation.

2. The parties shall adhere to the following deadlines:

    a. The parties shall confer and attempt to agree to a proposed notice to the collective class members and shall file it on the docket within twenty (20) days of the date of this

Order;

b. If the parties are unable to agree on a proposed notice, Plaintiff shall file a motion for approval of her proposed notice within twenty (20) days of the deadline for the joint proposed notice and Defendants shall file a response to Plaintiff's proposed notice within twenty (20) days of service.

3. All scheduling deadlines memorialized in the Court's March 30, 2009 Order (Doc. 25) are **VACATED**;

4. The parties shall within sixty (60) days file a joint stipulation proposing future scheduling deadlines.

/s/ John E. Jones III
John E. Jones III
U.S. District Judge