**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHIRLEY CRAIG, et al., | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 4:08-CV-2317 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| RITE AID CORPORATION and | : | (Magistrate Judge Carlson) |
| ECKERD CORPORATION d/b/a | : | |
| RITE AID, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

**I.   Statement of Facts and of the Case**

Shirley Craig and others (collectively, "Plaintiffs") initiated this action for overtime compensation under the Fair Labor Standards Act ("FLSA") with the filing of a collective action complaint on December 29, 2009. (Doc. 1) At bottom, the case concerns Plaintiffs' claims that Rite Aid misclassified Assistant Store Managers as exempt employees under the FLSA. The District Court in this case subsequently entered an order conditionally certifying the following collective class for purposes of providing notice of the action and an opportunity to opt-in: "All individuals classified as exempt from the FLSA's overtime pay provisions and employed as

salaried Assistant Store Managers during any workweek within the previous three years in any of the 4, 901 stores identified in Rite Aid Corporation's April 17, 2009 Annual Report as being operated by Rite Aid Corporation." (Doc. 72) Thus far, more than 1,000 individuals have identified themselves as putative opt-in Plaintiffs in the course of this litigation.

As part of this litigation, on May 27, 2011, the Defendant filed a motion for a partial summary judgment as to some 72 putative opt-in Plaintiffs, arguing that these Plaintiffs lacked standing to join this action or were judicially estopped from participating in this litigation. With the concurrence of the Court, the parties then engaged in a process of consultation, conferral, and analysis of the claims of these 72 opt-in Plaintiffs. As a result of this effort, the parties have now filed a pleading with the Court (Doc. 409), indicating that:

> "Plaintiff's counsel has stated they do not intend to oppose the motions on the claims of the following opt-ins: Deverne Ashe. Emily Ball (Cook), Curtis Bennett, Robert Biafora, Diane Bishop, Michele Burns, Gail Burnside, Todd Carbone, Carolyn Casey, Kathleen Dach, Ronald Dach, Leatrice Davis, Brandi Donovan, David Duncan, Patrina Eaton, Arthur Finley, Ron Fosnaught, Adam Gaffen, Darrin Grant, Norene Grout, David Homan, Jacob Iglesias, Rita Jankowski, LaVera Johnson, Terry Jones, Kenneth Keller, Mary Anna Keller, Randall LaRock, Jeffrey Lauzon, Ethel Mae Lewis, Mark Mahnke, Leonard Matsvayi, Stephen Mattner, Cynthia McCall, Jason Mills, Steven Moyer, Donna Nuro, Elsie Pagen-Rounds, Whitney Peters, Richard Pommells, William Reynolds, Robert Romero, Christopher Seitz, Ryan Sharlow, Susan Simmons, Sherry Lynn Smith, William Thompson, Jasper Trentham, Arthur Watkins, Frederic Weinstein, Dustina Wiktorko, Kenneth

Williams, Karl Willis, Brian Winchell, Mary Wood, John Wyar, Scott Zarembae."

(Doc. 409)

Having informed the Court that the Plaintiffs will not oppose summary judgment as to these individual opt-in Plaintiffs, this pleading goes on to identify a number of additional putative opt-in Plaintiffs as to whom the Plaintiffs' counsel do oppose the entry of summary judgment. (Id.) With respect to these remaining Plaintiffs, we will, by separate order, set a briefing schedule on this motion.

**II. Discussion**

Given the informed decision of Plaintiffs' counsel to elect not to oppose summary judgment as to these putative opt-in Plaintiffs, pursuant to Local Rule 7.6, the Plaintiffs are deemed not to oppose the summary judgment as to these particular putative Plaintiffs. Since the Plaintiffs are deemed not to oppose this motion, the motion should be grant as to these named Plaintiffs.

**III. Recommendation**

For the foregoing reasons, IT IS RECOMMENDED that the Defendant's Motion for Partial Summary Judgment (Doc. 299) be GRANTED as to the following Plaintiffs, since the Plaintiffs' counsel have notified the Court that they do not intend to oppose the motion as to these Plaintiffs:

Deverne Ashe. Emily Ball (Cook), Curtis Bennett, Robert Biafora, Diane Bishop, Michele Burns, Gail Burnside, Todd Carbone, Carolyn Casey, Kathleen Dach, Ronald Dach, Leatrice Davis, Brandi Donovan, David Duncan, Patrina Eaton, Arthur Finley, Ron Fosnaught, Adam Gaffen, Darrin Grant, Norene Grout, David Homan, Jacob Iglesias, Rita Jankowski, LaVera Johnson, Terry Jones, Kenneth Keller, Mary Anna Keller, Randall LaRock, Jeffrey Lauzon, Ethel Mae Lewis, Mark Mahnke, Leonard Matsvayi, Stephen Mattner, Cynthia McCall, Jason Mills, Steven Moyer, Donna Nuro, Elsie Pagen-Rounds, Whitney Peters, Richard Pommells, William Reynolds, Robert Romero, Christopher Seitz, Ryan Sharlow, Susan Simmons, Sherry Lynn Smith, William Thompson, Jasper Trentham, Arthur Watkins, Frederic Weinstein, Dustina Wiktorko, Kenneth Williams, Karl Willis, Brian Winchell, Mary Wood, John Wyar, Scott Zarembae.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 18th day of August 2011.

                                          ***S/Martin C. Carlson***
                                          Martin C. Carlson
                                          United States Magistrate Judge