**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHIRLEY CRAIG, et al., | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 4:08-CV-2317 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| RITE AID CORPORATION and | : | (Magistrate Judge Carlson) |
| ECKERD CORPORATION d/b/a | : | |
| RITE AID, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

**I.   Statement of Facts and of the Case**

Shirley Craig and others (collectively, "Plaintiffs") initiated this action for overtime compensation under the Fair Labor Standards Act ("FLSA") with the filing of a collective action complaint on December 29, 2009. (Doc. 1) At bottom, the case concerns Plaintiffs' claims that Rite Aid misclassified Assistant Store Managers as exempt employees under the FLSA. The District Court in this case subsequently entered an order conditionally certifying the following collective class for purposes of providing notice of the action and an opportunity to opt-in: "All individuals classified as exempt from the FLSA's overtime pay provisions and employed as salaried Assistant Store Managers during any workweek within the previous three

years in any of the 4, 901 stores identified in Rite Aid Corporation's April 17, 2009 Annual Report as being operated by Rite Aid Corporation." (Doc. 72) Thus far, approximately 1,200 individuals have identified themselves as putative opt-in Plaintiffs in the course of this litigation.

As part of the on-going process of managing this litigation, the parties have now filed a stipulation, agreeing for various reasons that 31 of these opt-in Plaintiffs should now be dismissed from this action with prejudice. (Doc. 411) We recommend that the stipulation be approved.

## II. Discussion

Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure provides as follows:

**(a) Voluntary Dismissal.**

**(1)** *By the Plaintiff.*

**(A)** *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

**(I)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

**(ii)** a stipulation of dismissal signed by all parties who have appeared.

F.R.Civ.P., Rule 41(a)(1)(A).

In this case, the parties have stipulated that the 31 individuals listed as putative opt-in Plaintiffs in this stipulation should be dismissed from this action with prejudice. (Doc. 411). Where parties jointly seek a dismissal with prejudice, it is generally held that the court has no discretion, but should approve the dismissal of these parties with prejudice. See e.g., Smoot v. Fox, 340 F.2d 301, 303 (6th Cir. 1964); Gilbreth Int'l. Corp. v. Lionel Leisure, Inc., 587 F.Supp. 606, 614 (E.D. Pa. 1983); John Evans, Inc. v. Majik Ironers, Inc., 95 F.R.D. (E.D.Pa. 1982). See also, 8, Moore's Federal Practice 3d, §41.40[3], (2010). Accordingly, since the parties stipulate to the dismissal of these 31 Plaintiffs with prejudice, this stipulation should be approved.

### III.  Recommendation

For the foregoing reasons, IT IS RECOMMENDED that the Stipulation of Dismissal (Doc. 411) be APPROVED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 18th day of August 2011.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge