IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHIRLEY CRAIG, et al.,** | : | |
| | : | |
| **Plaintiffs** | : | **Civil Action No. 4:08-CV-2317** |
| | : | |
| **v.** | : | **(Judge Jones)** |
| | : | |
| **RITE AID CORPORATION and** | : | **(Magistrate Judge Carlson)** |
| **ECKERD CORPORATION d/b/a** | : | |
| **RITE AID,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

### A.  Overview of the Case

Shirley Craig and others (collectively, "Plaintiffs") initiated this action for overtime compensation under the Fair Labor Standards Act ("FLSA") with the filing of a collective action complaint on December 29, 2009. (Doc. 1)  At bottom, the case concerns Plaintiffs' claims that Rite Aid misclassified Assistant Store Managers as exempt employees under the FLSA.  The District Court in this case subsequently entered an order conditionally certifying the following collective class for purposes of providing notice of the action and an opportunity to opt-in:  "All individuals classified as exempt from the FLSA's overtime pay provisions and employed as salaried Assistant Store Managers during any workweek within the previous three

years in any of the 4,901 stores identified in Rite Aid Corporation's April 17, 2009

Annual Report as being operated by Rite Aid Corporation." (Doc. 72)  Thus far,

more than 1,000 individuals have identified themselves as putative opt-in plaintiffs

in the course of this litigation.

**B.** **Defendants' Motion for Partial Reconsideration of the Court's February 9, 2012 Memorandum Opinion (Doc. 508) Ruling on Defendants' Assertion of the Attorney-Client Privilege and Work-Product Doctrine as Grounds to Withhold Production of Certain Documents**

On February 9, 2012, the Court entered a memorandum opinion in which we

ruled upon Defendants' invocation of both the attorney-client privilege and the work-

product doctrine as bases to withhold production of a number of corporate documents

that Plaintiffs have sought in discovery.  (Doc. 508)  In a number of instances, we

found that Defendants reliance upon either the attorney-client privilege or work-

product protection was improper or unsubstantiated, and we ordered Defendants to

produce the documents in question.  (Id., at 29-43.)  With respect to other categories

of documents, we noted that although we could perceive how the documents might

be covered by privilege or work-product protection, we found that the Defendants had

not sufficiently demonstrated that the documents were privileged or protected.  In

these instances, we provided Defendants with an final opportunity to explain the basis

for withholding the documents.  (Id., at 44-52.)

On February 23, 2012, Defendants filed an *in camera* submission containing additional information regarding documents PRV 74-76, 216, 7291-7296, and 7308, which are those documents that the Court found could be privileged, but which we concluded Defendants had not sufficiently demonstrated should be withheld.  (Doc. 514) (Notice of *in camera* submission.)   In renewing their request that these documents be withheld as privileged or otherwise subject to work-product protection, Defendants have relied upon a second, and more detailed, declaration from Ron S. Chima, Senior Counsel to Rite Aid.  ("Chima Decl. II.")

In addition to submitting this additional support for those documents that the Court expressly identified as potentially privileged or protected, Defendants have also requested that the Court narrowly reconsider its ruling that a limited number of additional documents must be produced because the attorney-client privilege or work-product doctrine did not shield them from production, at least in part.  With respect to this request, Defendants' request is very narrowly tailored.  The Defendants have asked only that the Court permit them to redact discrete information appearing in certain documents that Defendants contend reflects confidential advice from Rite Aid counsel about legal matters, as confirmed by their more detail declaration.  In support of this request, Defendants have also relied upon Ron Chima's second sworn

declaration in which he explains the nature of the documents in question, and the reasons for the company's assertion of the privilege.

We will consider these documents separately below, beginning with the documents for which the Court invited Defendants to submit additional information, before turning to those documents for which Defendants have urged the Court to reconsider its ruling to permit limited redaction.[1]

───────────────

[1] In conducting this analysis, we recognize that in general, "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Therefore, typically such a motion should only be granted in three, narrowly defined circumstances, where there is either : "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992 ). Thus, a party's mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F. Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F. Supp. at 830. Rather, such a motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

With respect to the first category of documents that we consider in this opinion, the Court expressly invited Defendants to submit a more detailed explanation to justify their privilege assertions. With respect to the additional documents that Defendants have asked the Court to reconsider, we note that they have done so in a narrow manner, seeking only to have limited information redacted from a limited number of documents. The Court had previously directed

## II.   DISCUSSION

### A.   Documents for Which the Court Permitted Defendants to Submit Additional Information

#### 1.   PRV 74-76

These documents consist of internal communications between and among members of Rite Aid's restructuring team, and include emails exchanged between Kristin Crandall, Rite Aid's Vice President of Field Human Relations, and Bradley Sapp, the then Director of Labor Relations for the West Coast.  In the emails, Ms. Crandall solicits Mr. Sapp's input on certain proposed changes to the store leadership structure, and Mr. Sapp provides detailed guidance regarding particular concerns and

---

Defendants to respond to Plaintiff's motion to compel on a relatively expedited basis (Doc. 265, at 1), and in their response Defendants represented that they had responded to all of Plaintiff's legal arguments, but stood ready to provide additional factual support if necessary.  (Doc. 269, at 3)  In this regard, Ron Chima made the Court aware that Rite Aid's response was being submitted during a period in which he and other members of Rite Aid's in-house team of lawyers had very limited availability due to other company business, and he represented that he was prepared to provide additional information if the Court required.  Upon consideration of these circumstances, we find that Defendants' request that the Court narrowly reconsider its early ruling is reasonable, since privilege protection is evanescent, and once it is lost it is gone forever. Therefore, we believe that in appropriate instances reconsideration of privilege issues is, in fact, necessary to "prevent manifest injustice" arising from the loss of a valid claim of privilege, something that can never be fully restored once lost. See  Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992).

problems presented by collective bargaining agreements applicable to California stores.

In our prior ruling, we noted that "[a]lthough legal concerns animate Mr. Sapp's correspondence, it does not appear to have been shared with a lawyer, and it is not clear that the correspondence was provided for purposes of securing legal advice from counsel," and noted that "the documents appear to describe business decisions taken in response to past litigation." (Doc. 508, at 45)  In their motion for reconsideration, Defendants address the Court's concerns in this regard, and assert that the information provided in the communications "was sought at the direction of counsel for the purpose of providing legal advice for purposes of Rite Aid's then (and now) ongoing FLSA litigation over manager classification."   (*In Camera* Memorandum, at 3.)

As evidentiary support for this assertion, Defendants rely upon the second declaration from Ron Chima, who made specific representations that the information exchanged in the correspondence was gathered at the direction of Mr. Chima and Traci Burch, another member of Rite Aid's in-house counsel.  (Chima Decl. II, at ¶ 5.)  Mr. Chima's second declaration goes into more detail than his previous declaration, or Defendants' privilege log, in explaining the reason for the communications that are contained in these documents, and his representation is

persuasive that these documents contain information that was gathered at the direction of counsel, was maintained confidentially, and was collected for purposes of securing legal advice and guidance for the company.  We thus conclude, following our review of Ron Chima's second declaration, that PRV 74-76 may properly be withheld on the basis of attorney-client privilege.

In so finding, we recognize that, in general, the attorney-client privilege "does not shield documents merely because they were transferred to or routed through an attorney." Resolution Trust Corp. v. Diamond, 773 F. Supp. 597, 600 (S.D.N.Y. 1991).   In this regard, "[w]hat would otherwise be routine, non-privileged communications between corporate officers or employees transacting the general business of the company do not attain privileged status solely because in-house or outside counsel is 'copied in' on correspondence or memoranda, Andritz Sprout-Bauer, Inc. v. Beazer E., Inc., 174 F.R.D. 609, 633 (M.D. Pa. 1997) (citing U.S. Postal Serv. v. Phelps Dodge Refining Corp., 852 F. Supp. 156, 163-64 (E.D.N.Y. 1994).

However, "communications between counsel and company employees remain privileged 'so long as the information is relayed for the purpose of obtaining legal counsel."  Id. (citing Upjohn Co. v. United States, 449 U.S. 383, 394-95 (1981)). Furthermore, we observe that "[a] document need not be authored or addressed to an

attorney in order to be properly withheld on attorney-client privilege grounds." SmithKline Beacham Corp. v. Apotex Corp., 232 F.R.D. 467, 477 (E.D. Pa. 2005) (quoting Santrade, Ltd. v. Gen. Elec. Co., 150 F.R.D. 539, 545 (E.D.N.C. 1993)). Where a corporate client is concerned, "privileged communications may be shared by non-attorney employees in order to relay information requested by attorneys." Id. (citing Cuno, Inc. v. Pall Corp., 121 F.R.D. 198, 202-03 (E.D.N.Y. 1988)). Additionally, "documents subject to the privilege may be transmitted between non-attorneys . . . so that the corporation may be properly informed of legal advice and act appropriately. Id. (citing Eutectic Corp. v. Metco, Inc., 61 F.R.D. 35, 38 (E.D.N.Y. 1973)). The test for touchstone for whether corporate communications are properly subject to the privilege is whether "the information is relayed for the purpose of obtaining legal counsel." Upjohn, 449 U.S. at 394-95.

Keeping these legal principles in mind, and considering the detailed, sworn representations made by Ron Chima in his second declaration submitted in support of Defendants' motion for reconsideration in light of what is contained in these particular documents exchanged between non-legal officers of the company, we find that the documents labeled PRV 74-76 were gathered and exchanged at the direction of counsel for the purpose of obtaining legal advice for the company, and, therefore, may be withheld from production on the basis of the attorney-client privilege.

8

## 2.   **PRV 216**

In our initial order, we described this particular document as follows:

> This single document is an email that Kristin Crandall sent
> to members of Rite Aid's senior leadership team regarding
> the proposed store structure changes, and particularly
> regarding assistant store managers.  Although the email is
> sent to a number of leadership personnel, we observe that
> the email was not sent to or copied on any member of Rite
> Aid's in-house or outside counsel, and does not appear to
> seek legal advice of any kind.

(Doc. 508, at 46-47)   Although we acknowledged Rite Aid's position that the

document reflected the legal advice that in-house counsel had provided during the

corporate restructuring process that had been undertaken in the face of FLSA

litigation, we ultimately found that "Defendants have not explained with any degree

of specificity why the document should be privileged," (Id., at 47), although we noted

that after reviewing the contents of the email we could "perceive how some parts of

the correspondence may reflect the advice given by counsel, which was in turn being

shared with senior management involved in the store-restructuring project," (Id.).  We

thus found that the "document presents a close call" and although we found

Defendants did not carry their burden of proving the privilege applied, "because it

[appeared] that the document touches upon legal matters and real and potential

litigation against the company," we permitted Defendants a further opportunity to

9

more fully and specifically explain the bases for asserting that the document should be shielded from production. (Id. at 47-48.)

Defendants have taken this invitation, and have provided the Court with a more robust, detailed, and compelling explanation as to how the email from Kristin Crandall to a small group of senior managers regarding store restructuring actually is replete with legal advice conveyed by Ron Chima. (Chima Decl. II, at ¶ 6.) Ron Chima's second declaration provides clarity regarding the nature of the information that Ms. Crandall was sharing with senior leadership, the reason the advice was being disseminated among a small number of individuals who were to maintain it in confidence, and the way in which the advice conveyed is legal in nature. Reading this document in the context of this more persuasive and substantive declaration, we conclude that Defendants may withhold PRV 216 from production on the basis of the attorney-client privilege.

### 3.   PRV 7291-7296

As we noted in our prior order,

These documents are also draft internal corporate memoranda that Kristin Crandall prepared, and placed in a file, at some point during fiscal year 2010. These memoranda relate to Rite Aid's front end store structure and FLSA compliance, and contain different proposals for managerial staffing and FLSA designation depending on the front-end volume of a respective store. The memoranda also contain handwritten

notes, although the notes are brief and quite general. . . . [T]hese documents were labeled as "Attorney Directed Work Product."

(Doc. 508, at 49) Defendants asserted that the draft memoranda had been prepared at the direction of Ron Chima, for purpose of providing legal advice and in light of pending FLSA litigation. Defendants had also noted that they had produced final versions of the draft documents that had been used for business purposes, and thus argued that they should not be required to divulge the draft documents that reflected counsel's direction.

Although we found that this was "a somewhat closer issue" than a number of the other documents at issue, we ultimately concluded that Defendants did not adequately support their claim that these notes and memoranda should be considered either attorney work product or attorney-client privileged communications. (Id.) Nevertheless, we provided Defendants with a further opportunity to more fully and adequately explain and support their basis for asserting that either the attorney-client privilege or work-product doctrine entitled them to withhold these documents from Plaintiffs.

In their follow-up brief, Defendants explain that these draft documents were prepared at the direction of counsel for the purpose of evaluating a number of legal issues that ultimately were reflected in PRV 216, discussed above. (Chima Decl. II,

at ¶ 7.)  According to Ron Chima's more detailed second declaration, the notes and draft memoranda reflect the advice and work-product of in-house and outside counsel because it was prepared specifically with pending and anticipated FLSA litigation in mind, and the analysis was related directly to the company's specific responses to this litigation.  (Id.)  Moreover, Mr. Chima represents that Ms. Crandall shared with him verbally the risk analysis information contained in the notes and draft memoranda, and thus the document essentially reflect confidential communications between Ms. Crandall and Rite Aid's counsel regarding legal responses the company was evaluating.  (Id.)

Having previously found this issue to be relatively close, and following a second careful review of these documents with the benefit of Mr. Chima's more fulsome declaration, we now agree that these documents may be withheld as privileged communications because the documents reflect not only counsel's advice and direction, but also confidential communications that Ms. Crandall had with company lawyers in an effort to secure legal advice on behalf of the company.

In addition, we note that Rite Aid has previously produced to Plaintiffs the final store structure charts that merely omit Ms. Crandall's notes and one column, which reflected concerns that had been identified by in-house and outside counsel, and Plaintiffs are thus in possession of the company's final store structuring

memoranda, but without notes and draft materials that reflect confidential information to and from counsel. (RASC 0172405, 01724100.) Rite Aid may, therefore, withhold production of PRV 7291-7296.

### 4.    PRV 7308

This document is another internal memorandum regarding Rite Aid's store restructuring proposals, which Kristin Crandall prepared and placed in a file sometime in or around 2008. The document sets forth a number of corporate objectives, including FLSA compliance, defined supervisory structure, clarity of leadership expectations, and profitability. Although we found that the document touched upon legal and business issues, we did not find that the memorandum clearly reflected the advice of in-house counsel with respect to anticipated or existing FLSA litigation, as Defendants had represented in their privilege log. Additionally, we did not find that Ron Chima's initial declaration spoke directly to this memorandum, which appeared to have been created by a non-lawyer and thereafter placed in a file. Nevertheless, we provided Defendants a further opportunity to explain and support their assertion that the document was privileged or otherwise subject to work-product protection.

In their follow-up brief, Defendants do not seek to withhold the entirety of this document, but instead request only that they be permitted to redact a specific section

of the document addressing FLSA status that they have represented reflects the advice of counsel in light of the impact of restructuring changes and the impact of those changes on anticipated and ongoing litigation. In addition to providing this explanation regarding the modest redaction requested, Ron Chima represents that the section to be redacted consists of objectives that Kristin Crandall specifically reviewed with in-house counsel in consideration of real and expected litigation. On the basis of these more detailed explanations, and Defendants' more carefully tailored request to redact this memorandum rather than withhold it entirely, we find that Defendants have sufficiently justified their assertion of the attorney-client privilege and work-product protection to permit the requested redaction prior to production.

### B.   Portions of Documents for Which Defendants Seek the Court's Partial Reconsideration in Light of Additional Information

In addition to providing more detailed declarations in support of their request that the Court reconsider its earlier ruling with respect to the foregoing documents, Defendants have also requested that the Court permit them to redact certain portions of other documents that the Court did not find to be privileged. Defendants have carefully tailored this request, and have directed the Court's attention to a discrete number of instances in these documents where the documents reflect attorney-client protected communications or attorney work-product. Defendants have relied on Ron

Chima's declarations, including a more detailed and explanatory second declaration, in which Mr. Chima articulates how the information Defendants seek to redact reflects legal advice or other protected information.

### 1.   PRV 62-65, 7122

With respect to these documents, which consist primarily of internal emails from Kristin Crandall to other Rite Aid managers regarding ongoing assessment of Rite Aid's existing store structure, Defendants ask that they be permitted to redact certain information that they contend communicate (a) specific requests from Rite Aid's in-house counsel that were made for the purpose of providing legal advice regarding the ongoing store restructuring in light of FLSA litigation; (b) legal advice provided to Kristin Crandall by in-house counsel regarding these ongoing matters; and (c) the mental impressions of counsel with respect to ongoing FLSA litigation. The Court had previously found that Defendants had not sufficiently explained how the information contained in these documents was legal in nature, even if counsel had been involved, and, therefore, declined to permit Defendants to use a blanket approach to shielding these documents in their entirety.[2]   Upon review of Ron

---

[2]  Specifically, the Court noted that although Kristin Crandall's email indicated that one of the questions in her email was inspired by a "great suggestion" from former General Counsel, Robert Sari, we found that the email was silent as to what the suggestion was, and whether it was legal in nature. (Doc. 508, at 30)  In his second declaration, Ron Chima persuasively represents that the

Chima's second declaration, which more carefully explains the nature and provenance of the information to be redacted, (Chima Decl. ¶ 9), we now concur in Defendants' request to redact specific portions of PRV 62-65, and 7122 because these discrete portions of the documents reflect confidential communications and instructions from corporate counsel regarding matters that are primarily legal in nature. Accordingly, Defendants may redact those portions of PRV 62-65 and 7122 that are identified on page 8 of their *in camera* submission.

### 2.   **PRV 69-70**

Defendants similarly request permission to redact limited information from these documents – some of which is duplicative of PRV 62-63 – because the information reflects information that members of Rite Aid's in-house counsel specifically requested Ms. Crandall to gather to allow counsel to render legal advice regarding certain store structuring decisions, particularly as the changes related to FLSA litigation. As Mr. Chima details in his second declaration, the information to be redacted consists not only of the information that counsel directed her to obtain, but also of an email in which Ms. Crandall articulates the legal advice that counsel

---

suggestion from counsel concerned legal matters rather than primarily business issues, and he places counsel's suggestion in context of Rite Aid's ongoing store restructuring initiatives. As a result, we agree with Defendants that their proposed redactions of these documents are appropriate, and tailored specifically to matters implicating counsel's advice on matters of a legal nature.

provided.  (Chima Decl. II, at ¶ 10.)  Upon consideration of this more persuasive declaration, we agree that Defendants may redact the portions of PRV 69 and 70 identified in their *in camera* submission because the information consists of privileged communications to and from counsel about legal matters.

### 3.   PRV 7284

This document appears to be a discussion outline and handwritten notes that Kristin Crandall prepared in 2008 and placed in a file.  On our initial review of this document, we noted that it did not appear to have been shared with any Rite Aid personnel or counsel, and addressed matters that the appeared to the Court to be primarily focused on business, rather than legal, concerns.  Having interpreted the document in this way, we further found that Defendants had not sufficiently demonstrated that the document was privileged or otherwise protected from disclosure.

In their motion before the Court, Defendants seek permission to redact a single bulleted note, which they represent reflects Mr. Chima's legal advice regarding the implications of a particular restructuring consideration.  Mr. Chima has further explained the legal nature of the advice contained within this note, which addresses specific FLSA exemption rules and their potential relevance to the restructuring being assessed.  Upon consideration of Mr. Chima's explanation, and the limited nature of

17

the relief sought in order to protect the disclosure of legal advice that Mr. Chima had

provided to Ms. Crandall, we find that Defendants may properly redact this single

bulleted note from PRV 7284.[3]

### 4.      PRV 7285 and 7286

Similar to PRV 7284, PRV 7285 and 7286 are also internal memoranda relating

to Rite Aid's store restructuring project, which were also prepared by Kristin Crandall

sometime in or around 2008.  The documents were not shared with anyone, but were

instead placed in a file.  These memoranda are substantively identical, except that

PRV 7286 contains handwritten notes that Defendants claimed reflect counsel's legal

advice and mental impressions.  As with PRV 7284, however, we found that

---

[3] In our previous order, we noted that some courts had found that a memo to
the file prepared by a non-lawyer is not subject to attorney-client privilege,
because these documents do not constitute a "communication" for purposes of
obtaining legal advice.  See Stafford Trading, Inc. v. Lovely, No. 05-C-4868, 2007
U.S. Dist. LEXIS 13062, at *22 (N.D. Ill. Feb. 22, 2007).  In Stafford Trading,
however, the district court found that "[m]emos to files prepared by non-legal
personnel *containing business information* are clearly not privileged."  Id.
(emphasis added).  In this case, Defendants' in-house counsel has given a sworn
declaration in which he attests that the limited language to be redacted concerns a
specific legal matter about which he was providing advice.  We, therefore, find
that Defendants have overcome our initial ruling that "there is simply insufficient
evidence for the Court to conclude that Ms. Crandall's memo to her file contains
legal advice of counsel, or counsel's mental impressions, as Defendants' assert."
(Doc. 508, at 42 n.3)  We now find that, with respect to the single bullet point
being redacted, Defendants have provided sufficient evidence to justify the
requested redaction.

Defendants had not sustained their burden of showing that the memoranda should be withheld entirely on the basis of either the attorney-client privilege or because they constituted attorney work-product.  We found Defendants' privilege log to be overly general, and Ron Chima's first declaration did not speak directly about the memoranda or Ms. Crandall's handwritten notes.  Upon review of the materials themselves, we were further  unable to conclude that the memoranda or notes were the product of counsel's mental impressions or legal advice.

Defendants have asked the Court to reconsider this ruling in a narrow fashion, seeking permission to redact a single identical sentence on both memoranda regarding FLSA matters relating to staffing considerations, which Defendants maintain reflects counsel's confidential legal advice and also mental impressions relating to ongoing and anticipated litigation under the FLSA.  Defendants have bolstered this assertion with additional declarations from Ron Chima, in which he explains that the discrete portion of the memoranda to be redacted reflects advice that he personally gave to Ms. Crandall, and which he emphasized should be specially considered as part of the store restructuring project, in light of pending litigation.  (Chima Decl. II, at ¶ 12.) Upon consideration of Mr. Chima's explanation, and the very limited nature of the relief sought in order to protect the disclosure of legal advice that Mr. Chima had provided to Ms. Crandall, we find that Defendants may properly redact the single

19

portion on each memoranda identified on page 13 of Defendants' *in camera* submission.[4]

## III.  <u>ORDER</u>

For the reasons discussed and explained above, IT IS HEREBY ORDERED THAT Defendants' *in camera* motion for reconsideration is GRANTED as follows:

1.  Defendants may withhold production of PRV 74-76, 216, 7291-7296, and 7308 because we find that these materials are subject to the attorney-client privilege.

2.  Defendants may produce redacted copies of PRV 62-65, 7122, 69-70, 7284, 7285, and 7286, which may be redacted in the narrow manner described in Defendants' *in camera* submission, in order to ensure that attorney-client confidential communications and information are not disclosed.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

---

[4]  <u>See</u> footnote 2, supra.