# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHIRLEY CRAIG, *et al.*, | : |
| | : No. 4:08-cv-2317 |
| Plaintiffs, | : |
| | : Hon. John E. Jones III |
| v. | : |
| | : |
| RITE AID CORPORATION, *et al.*, | : |
| | : |
| Defendants. | : |

## ORDER

### January 7, 2013

In accordance with the Memorandum entered on this date, **IT IS HEREBY ORDERED** that:

1. The Court **FINDS** that the Settlement Agreement is fair, reasonable, and adequate and that the Settlement Class as preliminarily approved by Order dated June 18, 2012 satisfies all of the requirements of Federal Rule of Civil Procedure 23(a).

2. The Unopposed Motion for Final Approval of Class and Collective Action Settlement, for an Award of Attorneys' Fees, and for Approval of Incentive Awards to Class Representatives (doc. 572) is **GRANTED** and the Settlement Agreement is **APPROVED**. The Objection (doc. 574) filed by Ms. Jennifer Hearn is **OVERRULED**.

3. The Settlement Class Representatives are entitled to and are hereby **AWARDED** payment in the amounts set out in the Settlement Agreement, such amount to be paid by the Claims Administrator to the Settlement Class Representatives upon the Effective Date, as set forth in the Settlement Agreement.

4. Class Counsel's application for attorneys' fees in the amount of $6,693,067.38 and expenses in the amount of $273,598.62, is **GRANTED** and the Claims Administrator is directed to pay such amounts to Seth Lesser of Klafter Olsen & Lesser LLP upon the Effective Date, as set forth in the Settlement Agreement.

5. The costs and expenses incurred to date or hereafter incurred for finalization of the Settlement by the Claims Administrator, estimated to be approximately $332,000, are granted for payment and the Claims Administrator may disburse such payments to itself from the Settlement funds upon approval by Class Counsel.

6. Class Counsel's application for a $2,500 award to effectuate the Settlement going forward is granted, and the Claims Administrator may disburse this amount to Seth Lesser of Klafter Olsen & Lesser LLP upon the Effective Date, as set forth in the Settlement

Agreement.

7. Upon the Effective Date, as set forth in the Settlement Agreement, the Claims Administrator shall effectuate distribution of the Settlement funds to the eligible Settlement Classes' members in accordance with the terms of the Settlement Agreement.

8. All members of the Settlement Classes shall be bound by all of the terms, conditions and obligations of the Settlement Agreement, and all determinations and judgments in this action concerning the Settlement.

9. Neither the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any party of the truth of any allegation in this action or of any liability, fault, or wrongdoing of any kind.

10. Final Judgment is hereby **ENTERED** in this action and all actions consolidated herewith, consistent with the terms of the Settlement Agreement.

11. Plaintiffs' request that the Court dismiss without prejudice the Pennsylvania Store Manager putative class action claims under the

      PWMA asserted in *Eaton* ("the Eaton Store Manager claims") is **GRANTED**. Any Store Managers who were potential members of the putative Pennsylvania class action in Eaton are free to pursue their individual claims, and the statute of limitations for any claims they may have or had under the PWMA were tolled during the pendency of the Eaton action. This case and all claims against the Defendants, other than the Eaton Store Manager claims, are hereby **DISMISSED** with prejudice, but the Court shall retain exclusive and continuing jurisdiction of the Action, all Parties, and Settlement Classes' members, to interpret and enforce the terms, conditions and obligations of the Settlement Agreement.

12. The Clerk of Court is directed to **CLOSE** this case and to further **CLOSE** each case consolidated herewith and related hereto, including the following: Fermin v. Rite Aid, et al., No. 1:12-cv-2602; Torres v. Rite Aid Corp., et al., No. 1:12-cv-1413; Knepper v. Rite Aid Corp., et al., No. 1:09-cv-2069; Cedano v. Rite Aid Corp., et al., No. 1:12-cv-1259; Ibea v. Rite Aid Corp., et al., No. 1:12-cv-1351; Fisher v. Rite Aid Corp., et al., No. 1:10-cv-1865; Witty v. Rite Aid Corp, et al., No. 1:12-cv-2512; Doyon v. Rite Aid Corp., No. 1:12-cv-1250;

Hough v. Rite Aid Corp., et al., 1:11-cv-2212; Mazzantini v. Rite Aid Corp., et al., No. 1:11-cv-2324; Quinones v. Rite Aid Corp., et al., No. 1:11-cv-870; Laun v. Rite Aid Corp., et al., No. 1:12-cv-1639; Eaton v. Rite Aid of Penn., et al., No. 1:12-cv-1258.

s/ John E. Jones III
John E. Jones III
United States District Judge
