UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHIRLEY CRAIG, *et al.*

v.

RITE AID CORPORATION, *et al.*

4:08-cv-02317-JEJ

DECLARATION OF JASON ZUENA VERIFYING
COMPLIANCE WITH THE SETTLEMENT AGREEMENT AND FINAL ORDER

STATE OF NEW YORK )
) ss.:
COUNTY OF NASSAU )

I, Jason Zuena, declare as follows:

1. I am a Senior Director of Operations for The Garden City Group, Inc. ("GCG"). Pursuant to the Court's Order Preliminarily Approving Settlement ("Preliminary Order") dated June 18, 2012, GCG was authorized to act as the Claims Administrator[1] in connection with the Rite Aid Assistant Store Manager and Co-Manager Litigation Settlement (the "Settlement"). I have personal knowledge of the facts stated herein.

**Mailing of Notice and Claim Form and Outreach to Class Members**

2. As more fully described in the Affidavit of Jason Zuena in Support of Plaintiffs' Motion for Final Settlement Approval, dated September 24, 2012, previously filed with this Court (the "Notice Affidavit"), on June 27, 2012 and July 23, 2012, GCG distributed the Court-approved Summary of Class Action Settlement, and Official Court Notice of Settlement of Class Action (together, the "Notice") and the Claim Form, Consent to Join and Release (the "Claim

---

[1] Unless otherwise specified, all defined terms (i.e., terms with initial capitalization) shall have the same meaning as set forth in the Settlement Agreement or the Official Court Notice of Settlement of Class Action.

Form," and together with the Notice, the "Claim Packet") as part of the U.S. Class Action Fairness Act ("CAFA") Mailing requested by Rite Aid's Counsel.

3. The Notice Affidavit also described in detail the efforts GCG undertook to notify Class Members of the Settlement. These efforts, anticipated in the Settlement Agreement which was approved by this Court, included disseminating the Claim Packet to Class Members as well as conducting certain outreach to Class Members at specific intervals during the Claim Period.

4. Toward that end, GCG performed the following tasks at the direction of Settlement Class Counsel and Rite Aid's Counsel (the "Parties"), some of which are included in the Notice Affidavit, and some of which occurred after the Notice Affidavit was filed with Court:

   a) Disseminated Claim Packets by first class mail to Class Members identified to GCG on August 16, 2012;

   b) Re-mailed Claim Packets to those Class Members whose Claim Packets were returned with a forwarding address from the United States Post Office ("USPS"), and re-mailed Claim Packets to those Class Members whose Claim Packets were returned without a forwarding address from the USPS, but where GCG could locate a new address through the National Change of Address ("NCOA") database, and more advanced address searches using the Class Members' Social Security number provided to GCG, starting on or about August 27, 2012;

   c) Conducted a second mailing of Claim Packets to those Class Members who still had not submitted a Claim Form on September 20, 2012;

   d) Mailed postcards to those Class Members who still had not submitted a Claim Form on October 5, 2012;

   e) Conducted a third mailing of Claim Packets to Class Members for whom mailing records were not previously provided to GCG, on October 26, 2012;

   f) On October 29, 2012, GCG mailed a postcard to all Class Members advising them that the date of the Final Approval Hearing had changed from October 24, 2012 to December 4, 2012; and

g) Coordinated two automated telephone campaigns to those Class Members who had not submitted a Claim Form reminding them of their right to file a Claim Form and the deadline to do so. The first campaign was completed on September 13, 2012, and the second campaign was completed on November 2, 2012.

**Processing Claims and Communication with the Class**

5. Shortly after the initial mailing of Claim Packets to Class Members on August 16, 2012, GCG began receiving and processing Class Member Claim Forms. In addition to processing Claim Forms and communicating with Class Members to correct any defects in their Claim Form (such as a missing signature), GCG, as directed by Section 11(i) of the Settlement Agreement, consulted with the Parties and made determinations on the validity of Claim Forms regarding (i) any Class Member who disputed the number of weeks worked as listed by him/her in the Claim Form, and (ii) any person who contacted GCG asserting they should have been sent a Notice, and should be entitled to participate in the Settlement, but that person was not provided to GCG as a Class Member.

6. The Claim Packet stated that the Claim Filing deadline was November 23, 2012. The Final Approval Hearing was moved to December 4, 2012, and Pursuant to the Settlement Agreement, the Claim Period is defined as, "the period for filing claims which shall be the date of the first mailing of the Notice until thirty (30) days following the Final Approval Hearing." or January 3, 2013. However, the Parties have agreed that any new and complete claim received up to the date of the distribution be included in the Class Distribution. Accordingly, GCG will continue to receive and process any new and complete Claim Forms received for inclusion in the Class Distribution provided that they are received on or before March 13, 2013.

7. On January 7, 2013, this Court entered an Order approving the Unopposed Motion for Final Approval of Class and Collective Action Settlement and for Approval of Attorney's Fees, Expenses and Incentive Awards for Settlement Class Representatives. Since that time, GCG has continued to perform administrative duties pursuant to the Settlement

3

Agreement and in consultation with the Parties. Specifically, GCG has performed, and as appropriate, continues to perform, the following tasks:

a) Re-mail Claim Packets to Class Members at their request, and to those Class Members whose Claim Packets are returned by the USPS with a forwarding address. Additionally, GCG will continue to update and maintain the Class Member database as new addresses became available. However, after January 3, 2013, any packets that are returned to GCG without a forwarding address will not undergo any address search, and instead, they will be destroyed after the database is updated;

b) Receive late Claim Forms. GCG will record and process Claim Forms for inclusion in the Class Distribution provided they are complete, and received on or before March 13, 2013. GCG will report to the Parties all late but otherwise complete Claim Forms received after March 13, 2013, prior to one year following the Effective Date, or at their request;

c) Receive late modifications to Claim Forms. GCG will record and process these late modifications to existing Claim Forms, however, after consultation with the Parties, GCG understands that no Claim Form postmarked on or before January 3, 2013, and modified after January 14, 2013, will be eligible for payment in the distribution. Additionally, no outreach will be done to any late Claim Forms received after January 14, 2013. GCG will report to the Parties all late modified Claim Forms received and processed prior to one year following the Effective Date, or at their request;

d) GCG submitted to this Court an accounting of the Settlement Administration on January 23, 2013;

e) GCG continues to maintain the toll free helpline (877-600-6532), staffed by trained operators who respond to inquiries by Class Members regarding the Settlement; and

f) GCG continues to maintain an internet webpage (www.gcginc.com/cases/riteaid) with links to the Class Notice and Final Approval Order, contact information and Frequently Asked Questions.

**Establishing the Effective Date, Class Distribution and Completing the Administration**

8. Section 3(e) of the Settlement Agreement provides: "If the Court enters the Final Approval Order, the Effective Date shall occur on the later of: (A) five (5) days after the expiration of the time for filing of an appeal from the Court's approval of the Agreement without the filing of a Notice of Appeal, [or] (B) if an appeal is filed, the final resolution of all appeals (including requests for rehearing petitions for certiorari) resulting in final judicial approval of this Agreement." On February 20, 2013, the only appeal filed in this matter was dismissed, and the Parties have stipulated to an Effective Date of February 20, 2013. Based on the terms set forth in the Settlement Agreement, GCG is currently working on, and expects to complete the following tasks:

   a) The Consent to Join portion and the Release of Claims portion of the Valid Claim Forms are being separated, and will be separately transmitted electronically to Settlement Class Counsel and Rite Aid's Counsel, respectively, for filing;

   b) Make all payments of the amounts approved in the January 7, 2013 Final Approval Order;

   c) Calculate and distribute awards (including applicable payroll taxes and withholdings, and Employer Payroll Taxes) to Participating Class Members who submitted complete Claim Forms that were received on or before March 13, 2013, and to Participating Class Members whose corrections to timely Claim Forms were made or received no later than January 14, 2013;

   d) Conduct an outreach campaign to Class Members who did not cash their Settlement checks within 30 days after the distribution, and re-issue Settlement checks to those Class Members who make appropriate requests (or whose Settlement checks were undeliverable, in the same manner as was performed for the Claim Packets);

   e) After 90 days after the distribution, GCG will place a stop-payment on all outstanding Settlement payments. GCG will also discontinue Settlement check re-issues, void all Settlement checks returned to GCG, and consult with the

Parties regarding the anticipated cy pres donation and reversion of any remaining funds;

f) Provide copies of all deposited Settlement checks, including payments of Distribution Amounts, Incentive Awards and Attorneys' Fees and Lawsuit Costs, to the Parties; and finally,

g) Prior to one year after the Effective Date, GCG will report to the Parties all late but otherwise valid Claim Forms received and processed prior to one year following the Effective Date, or at their request, and will confer with the Parties and determine how to distribute the Reserve Fund.

*[signature]*

Jason Zuena